## IN THE UNITED STATS DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| ICON ENTERTAINMENT GROUP : <br> aka Kahoots <br> 366 E. Broad Street : <br> Columbus, Ohio 43215 <br> : <br> And <br> : <br> 4522 KENNY ROAD, LLC <br> 366 E. Broad Street : <br> Columbus, Ohio 43215 <br> : <br>        Plaintiffs <br> : <br> -v- <br> : <br> STEVEN G. ROSSER, individually <br> c/o Columbus Division of Police <br> 120 Marconi Blvd. : <br> Columbus, Ohio 43215 <br> : <br> And : <br><br> WHITNEY LANCASTER, individually : <br> c/o Columbus Division of Police <br> 120 Marconi Blvd. : <br> Columbus, Ohio 43215 <br> : <br> And : <br><br> THE CITY OF COLUMBUS : <br> City Hall, 90 West Broad Street <br> Columbus, Ohio 43215-9015 : <br><br> And : <br><br> John or Mary Doe 1, in his or her : <br> Individual capacity <br> c/o Columbus Division of Police : <br> 120 Marconi Blvd. <br> Columbus, Ohio 43215 : | Case No.: <br><br> JUDGE <br><br> MAGISTRATE JUDGE <br><br> **JURY DEMAND** <br> **ENDORSED HEREON** |

                              Defendants.

|  |  |
|---|---|
| John or Mary Doe 2, in his or her Individual capacity c/o Columbus Division of Police 120 Marconi Blvd. Columbus, Ohio 43215 | : : : |

                                  Defendants.

## I. Jurisdiction and Venue

1. Jurisdiction over claims brought under Civil Rights Act of 1871, 42 U.S.C. §1983, is conferred on this Court by 28 U.S.C. § 1331 (federal question); §1343 (civil rights), and jurisdiction over the state claims is conferred by 28 U.S.C. §1367 (supplemental jurisdiction).

2. Compensatory and punitive damages are sought pursuant to 42 U.S.C. §1983; the common law of the State of Ohio; and 28 U.S.C. §2201 and §2202.

3. Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. §1988, the common law of the State of Ohio and Fed. R. Civ. P 54.

4. Venue is proper pursuant to 28 U.S.C. §1391(b) and S.D. Ohio Civ. R. 82.1(b), because the events giving rise to this action occurred in Franklin County, Ohio, where Defendants serve as Columbus Division of Police Vice Unit members or in other CDP employment.

## II. Parties

5. Plaintiff Icon Entertainment Group, Inc., ("Icon Entertainment") is a corporation licensed to do business in the State of Ohio and owned and operated a gentlemen's club that was named "Kahoots" since 1998.[1]

---

[1] Kahoots will be referenced in the Complaint interchangeably with Icon Entertainment Group.

6. At all relevant times hereto, Plaintiff Icon Entertainment registered the trade name "Kahoots."

7. Plaintiff 4522 Kenny Road, LLC ("4522 Kenny Rd") is a corporation licensed to do business in the State of Ohio and owned the building and land where Icon Entertainment operated Kahoots.

8. Defendants (collectively "Defendant Officers") Whitney Lancaster ("Defendant Lancaster"), Steven Rosser ("Defendant Rosser"), John or Mary Doe 1 ("Defendant Doe 1"), and John or Mary Doe 2 ("Defendant Doe 2") are being sued in their individual capacity; and were, at all times material to this Complaint, employees of the City of Columbus, Columbus Division of Police in the Vice Unit located in Franklin County, Ohio and "persons" under 42 U.S.C. §1983 acting under color of law.

9. Defendant, City of Columbus is a political subdivision located in Franklin County, Ohio and a Municipal Corporation duly organized, existing and operating under the Constitution and Statutes of the State of Ohio and the Charter of Columbus, Ohio and a "person" under 42 U.S.C. §1983 acting under color of law. At all times hereto, the City operated a Division of Police and Vice Unit which employed Defendant Officers and was responsible for the supervision and administration of the Division of Police and Vice Unit. The City is sued under a theory of municipal liability pursuant to *Monell v. Dep't of Soc. Servs. Of City of New York*.

### III. Facts

10. Vice Unit officers, including Defendant Officers, are intimately aware of all of the elements for the limited set of laws they are charged with enforcing.

11. In filing criminal complaints, Defendant Officers have access to and routinely use a book containing the elements of City and State criminal offenses, including the elements associated with R.C. 2907.40(C)(2).

12. A violation of R.C. 2907.40(C)(2) requires: (1) an employee who regularly appears nude or seminude; (2) at the sexually oriented business; (3) while they are nude or seminude; (4) to touch another employee, a patron, or allow themselves to be touched by a patron.

13. "Patron" is defined by Ohio Revised Code 2907.40(A)(8) as "any individual on the premises of a sexually oriented business except for any of the following:…(c) A public employee…acting within the scope of the public employee's…duties as a public employee.."

14. At all relevant times hereto, Defendants were public employees acting within the scope of their duties as a public employee.

15. At all relevant times hereto, upon information and belief, Defendants were aware, based upon communication with their superiors and the Columbus City Attorney's Office that the above-mentioned statute could not be enforced especially when using undercover officers as patrons.

16. At all relevant times hereto, upon information and belief, Defendants were told that charges could not be brought against an individual, similarly situated to Plaintiffs, when there is contact between a police officer and an employee of a club such as Kahoots.

17. In or around 2017, Defendant Rosser and Defendant Lancaster spent numerous hours at Kahoots while in their official capacity.

18. Defendant Rosser and Defendant Lancaster targeted Kahoots and selective employees or independent contractors who worked at Kahoots without any legal justification.

19. In 2017, Jeremy Sokol was working at Kahoots as a bouncer.

4

20. Mr. Sokol and Defendant Rosser and/or Defendant Lancaster knew each other prior to Mr. Sokol being hired by Kahoots when Mr. Sokol worked at other clubs.

21. On or about September 8, 2017, Mr. Sokol was fired by the manager of Kahoots, Joe Vaillancourt.

22. In or around October 2017, after Mr. Sokol was fired from Kahoots, Defendant Rosser contacted Kahoots and demanded Mr. Sokol be rehired no later than October 25, 2017 and Kahoots fire Mr. Vaillancourt.

23. Defendant Rosser spoke with one of the owner(s) of Kahoots and threatened that if Mr. Sokol was not rehired by Kahoots within that time frame, Defendant Rosser would "file a bunch of tickets" and implied he would close Kahoots.

24. After Mr. Sokol was not rehired within the time frame demanded by Defendant Rosser, Defendants carried out their threats and began to file criminal charges, without probable cause, against a number of employees and/or independent contractors.

25. Said filings had a chilling effect on Plaintiffs' business and freedom of speech.

26. On or about November 13, 2017, Defendant Rosser filed a criminal complaint against Icon Entertainment alleging that on October 27, 2017, it allowed sexually oriented activity.

27. Upon being served with the criminal complaint, Icon Entertainment hired counsel and entered a plea of not guilty.

28. At the time Defendant Rosser knew he did not have probable cause to charge Icon Entertainment

29. Criminally charging Icon Entertainment was for other ulterior motives that violated its Constitutional rights.

30. On or about June 4, 2018, the charge filed against Icon Entertainment was dismissed.

31. Defendant Rosser and/or Lancaster targeted Plaintiffs without probable cause or any legal justification.

32. On or about November 8, 2017, counsel for Icon Entertainment, David Raber was in contact with Defendant Rosser about his demand that Kahoots rehire Mr. Sokol and fire Joe Vaillancourt.

33. On or about November 8, 2017, Defendant Rosser sent a text message to Mr. Raber stating "I am moving forward with the investigation of Kahoots….To add he decided to keep his evening general manager employed when I advised him that I believed that was one of his biggest problems. Since we spoke I have obtained criminal charges on that manager. I will be filing all charges in the near future…"

34. On that same date, Mr. Raber texted back Defendant Rosser and asked what the cause is to terminate Mr. Vaillancourt as Mr. Vaillancourt has not done anything illegal, advises ownership about the operation of the business and in short was an excellent employee. However, Mr. Raber advised Kahoots would do what Defendant Rosser told them to do and fire Mr. Vaillancourt.

35. At no time did Mr. Vaillancourt engage in any illegal activity as alleged by Defendant Rosser nor was Mr. Vaillancourt Kahoots' biggest problem as stated by Defendant Rosser.

36. The biggest problem for Kahoots was Defendants.

37. As a result of the threats and demands made by Defendant Rosser, on or about December 6, 2017, Kahoots rehired Mr. Sokol and terminated Mr. Vaillancourt.

38. Upon information and belief, Defendants Rosser and Lancaster had a personal and potentially financial interest in Mr. Sokol working at Kahoots.

39. Upon information and belief, Defendants had an interest in Mr. Sokol working at Kahoots.

40. At all relevant times hereto, Defendants had knowledge that a criminal charge under R.C. 2907.40(C)(2), could not be brought against employees or independent contractors who worked at Kahoots based upon what they were told by the City Attorney.

41. At all relevant times hereto, Defendants had knowledge that they could not intimidate, harass, coerce and interfere with the operation of Plaintiffs' business.

42. Defendants' acts or omissions were done with malicious purpose, in bad faith, or in a wanton or reckless manner.

43. As a proximate result of Defendants' acts, Plaintiffs have suffered and continue to suffer damages, including loss of its business, chilling its free speech, liberty, legal and other expenses, fear, and great inconvenience.

44. Plaintiffs' rights to be free from unlawful search and seizure and prosecution without probable cause and/or based on false statements and/or threats, intimidation and harassment, were, at the time of their actions or omissions, clearly established rights guaranteed by the First, Fourth and Fourteenth Amendments to the United States Constitution.

45. At all relevant times, the Defendant Officers were acting within the course and scope of their employment with the City of Columbus Division of Police entitling Defendant Officers to be indemnified by City of Columbus Division of Police.

7

**IV.     Claims for Relief**

    **A.  First Cause of Action: Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments and Ohio Common Law.**

46.     Paragraphs 1 through 45 above are realleged and incorporated herein.

47.     By making, influencing, and/or participating in the decision to prosecute Plaintiffs' without probable cause, which prosecution was resolved in their favor by dismissal at the unilateral request of the prosecutor due to the lack of probable cause, and in doing so, making knowingly or recklessly false statements in their paperwork, Defendant Officers maliciously prosecuted Plaintiffs, resulting in their deprivation of liberty.

    **B.  Second Cause of Action: Civil Conspiracy to Violate the First, Fourth and Fourteenth Amendment**

48.     Paragraphs 1 through 47 above are realleged and incorporated herein.

49.     Defendant Officers along with unnamed co-conspirators, conspired against Plaintiffs in order to conceal their retaliation against Plaintiffs and/or Kahoots, by depriving them of their First, Fourth and Fourteenth Amendment rights and taking steps to further the conspiracy, such as charging it without probable cause, unlawfully searching and seizing their employees and property, making knowingly or recklessly false statements in their paperwork, making, influencing, and/or participating in the decision to prosecute them without probable cause, interfering with their business, and coercing Plaintiffs to hire and fire employees, thereby causing Plaintiffs damages.

    **C.  Third Cause of Action: Abuse of Process in Violation of Ohio Common Law**

50.     Paragraphs 1 through 49 above are realleged and incorporated herein.

51.     In the alternative, by commencing criminal prosecution in proper form and with probable cause and perverting that prosecution to retaliate against Plaintiffs and Kahoots thereby

8

cause Plaintiffs' injury in their efforts to conceal that retaliation, Defendant Officers committed abuse of Process.

### D. **Fourth Cause of Action: Violation Of Civil Rights Pursuant To 42 U.S.C. 1983**

52. Paragraphs 1 through 51 above are realleged and incorporated herein.

53. Defendant Officers were acting under the color of law, when they wrongfully and without probable cause, charged Plaintiffs as more fully set forth above.

54. Defendant Officers conduct violated Plaintiffs First Amendment Rights to operate an adult oriented business.

55. Defendant Officers' acts violated Plaintiff's constitutional rights.

56. Defendant Officers' deprivation of Plaintiffs' rights caused Plaintiffs' damages.

### E. **Fifth Cause of Action: Violation Of Civil Rights Pursuant To 42 U.S.C. 1983**

57. Paragraphs 1 through 56 above are realleged and incorporated herein.

58. Defendant Officers were acting under the color of law, when they wrongfully and without legal justification retaliated against Plaintiffs by charging Kahoots and their employees and/or independent contractors when Plaintiffs would not hire and fire employees.

59. The retaliation was based upon a number of reasons including but not limited to Kahoots termination of Mr. Sokol and its initial refusal to rehire him and fire the general manager.

60. Defendant Officers conduct violated Plaintiffs First Amendment Rights to operate an adult oriented business.

61. Defendant Officers' acts violated Plaintiff's constitutional rights.

62. Defendant Officers' deprivation of Plaintiffs' rights caused Plaintiffs' damages.

### F. **Sixth Cause of Action: Violation Of Civil Rights Pursuant To 42 U.S.C. 1983 by City of Columbus**

63. Paragraphs 1 through 62 above are realleged and incorporated herein.

64. The violation of Plaintiffs' constitutional rights by Defendants herein was caused by a municipal policy or custom of the City which amounted to a policy approved of and authorized by policy makers and superiors within the Columbus Division of Police.

65. The City allowed an informal policy, custom or practice to become so widespread with the Vice Unit as to constitute a custom or usage with the force of law.

66. The City allowed decisions of employees with final policy making authority, or those subordinates to whom the authority was delegated, to become the policy, custom or practice within the Vice Unit as to constitute a custom or usage with the force of law by ratifying and condoning the complained actions.

67. These policies, practices and customs of the City were the moving force behind the violations of Plaintiffs' constitutional rights.

68. The City was deliberately indifferent to proper training or supervision of Defendant Officers which resulted in violations of Plaintiffs' constitutional rights.

69. As a result of City's policies, practices and customs and the failure to train and supervise Defendant Officers, the constitutional rights of Plaintiffs' were violated and they suffered damages. Plaintiffs are entitled to compensatory damages and attorney's fees under 42 U.S.C. 1983.

G. **Seventh Cause of Action: Violation Of Civil Rights Pursuant To 42 U.S.C. 1983**

70. Paragraphs 1 through 69 above are realleged and incorporated herein.

71. Plaintiffs have a constitutional right to be free of threats, coercion, retaliation and intimidation from Defendant Officers.

72. Plaintiffs have a constitutional right to be free of interference of its business from Defendants.

73. Plaintiffs have a constitutional right to be free of retaliation by Defendants for exercising Plaintiffs' First Amendment rights (for example, by putting on and promoting adult entertainment and by hiring and firing the employees Plaintiffs chose).

74. Defendants violated Plaintiffs these constitutional rights as set forth in this Complaint.

75. Defendant Officers' deprivation of Plaintiffs' rights caused Plaintiffs' damages including but not limited to the loss of their business.

V. **Prayer for Relief**

WHEREFORE, Plaintiffs pray that this Court: For compensatory damages, in an amount to be determined at trial, against all defendants, punitive damages; prejudgment and post-judgment interest; costs; attorneys' fees, and such other relief as the Court may deem appropriate.

Respectfully submitted,

*/s/ David A. Goldstein*
**DAVID A. GOLDSTEIN (0064461)**
DAVID A. GOLDSTEIN CO., L.P.A.
511 South High Street, Suite 200
Columbus, Ohio 43215
(614) 222-1889; (614) 222-1899 (Fax)
dgoldstein@dgoldsteinlaw.com
Attorney for Plaintiffs


/s/ Rex H. Elliott
**REX H. ELLIOTT (0054054)**
rexe@cooperelliott.com
**BARTON R. KEYES (0083979)**
bartk@cooperelliott.com
Cooper & Elliott, LLC
2175 Riverside Drive
Columbus, Ohio 43221
(614) 481-6000
(614) 481-6001 (Facsimile)

Co-Counsel for Plaintiffs

/s/ Gina M. Piacentino
**GINA M. PIACENTINO (0086225)**
88 East Broad Street, Suite 1560
Columbus, OH 43215
Phone: (614) 221-0800
Fax:    (614) 221-0803
Email: gpiacentino@wp-lawgroup.com
Co-Counsel for Plaintiffs

## JURY DEMAND

Plaintiffs request a trial on all issues triable to a jury.

*/s/ David A. Goldstein*
**DAVID A. GOLDSTEIN (0064461)**