IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ICON ENTERTAINMENT GROUP, *et al.*, | : | Case No. 2:20-cv-00101 |
| Plaintiffs, | : | Judge Sarah D. Morrison |
| v. | : | Magistrate Judge Kimberly A. Jolson |
| STEVEN G. ROSSER, *et al.*, | : | **JURY DEMAND ENDORSED HEREON** |
| Defendants. | : | |

**DEFENDANTS STEVEN G. ROSSER AND WHITNEY R. LANCASTER'S ANSWER TO PLAINTIFFS' COMPLAINT**

Now come Defendants Steven G. Rosser and Whitney R. Lancaster ("Defendant Officers") by and through counsel, and hereby state their Answer to Plaintiffs' Complaint as follows:

**I. Jurisdiction and Venue**

1. Defendant Officers admit that this Court has jurisdiction. Further answering, to the extent that any other allegations are made against Defendant Officers in Paragraph 1 of Plaintiffs' Complaint, Defendant Officers deny the same.

2. Paragraph 2 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent that any allegations are made against Defendant Officers in Paragraph 2, Defendant Officers deny the same.

3. Paragraph 3 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent that any allegations are made against Defendant Officers in Paragraph 3, Defendant Officers deny the same.

1

4. Defendant Officers admit that venue is proper in this forum. Further answering, to the extent that any other allegations are made against Defendant Officers in Paragraph 4 of Plaintiffs' Complaint, Defendant Officers deny the same.

## II. Parties

5. Defendant Officers deny each and every allegation contained in Paragraph 5 of Plaintiffs' Complaint for want of information sufficient upon which to form a belief.

6. Defendant Officers deny each and every allegation contained in Paragraph 6 of Plaintiffs' Complaint for want of information sufficient upon which to form a belief.

7. Defendant Officers deny each and every allegation contained in Paragraph 7 of Plaintiffs' Complaint for want of information sufficient upon which to form a belief.

8. Defendant Officers admit that they are being sued in their individual capacity and that they were employees of the Columbus Police Department during the time period relevant to the Complaint. Defendant Officers further admit that they worked in the Vice Unit during that time. Defendant Officers deny any and all remaining allegations in Paragraph 8.

9. Defendant Officers admit the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

## III. Factual Allegations

10. Defendant Officers admit the allegation contained in Paragraph 10 of Plaintiffs' Complaint that they are aware of all of the elements of the laws they are required to enforce. Further answering, to the extent any other allegations are made against Defendant Officers in Paragraph 10, Defendant Officers deny the same.

11. Defendant Officers admit that they have access to a book containing the elements of City and State Criminal offenses, including the elements associated with R.C. 2907.40.

12. Paragraph 12 of Plaintiffs' Complaint contains legal conclusions to which no response is required. R.C. § 2907.40(C)(2) speaks for itself, and to the extent that any allegations are made against Defendant Officers in Paragraph 12, Defendant Officers deny the same.

13. Paragraph 13 of Plaintiffs' Complaint contains legal conclusions to which no response is required. R.C. § 2907.40(A)(8) speaks for itself, and to the extent that any allegations are made against Defendant Officers in Paragraph 13, Defendant Officers deny the same.

14. Defendant Officers admit the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. Defendant Officers deny each and every allegation contained in Paragraph 15 of Plaintiffs' Complaint.

16. Defendant Officers deny each and every allegation contained in Paragraph 16 of Plaintiffs' Complaint.

17. Defendant Officers admit that they spent hours in Kahoots while in their official capacity. Further answering, Defendant Officers deny any and all remaining allegations in Paragraph 17 of Plaintiffs' Complaint.

18. Defendant Officers deny each and every allegation contained in Paragraph 18 of Plaintiffs' Complaint.

19. Defendant Officers admit the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. Defendant Officers deny each and every allegation contained in Paragraph 20 of Plaintiffs' Complaint.

21. Defendant Officers deny each and every allegation contained in Paragraph 21 of Plaintiffs' Complaint for want of information sufficient upon which to form a belief.

22. Defendant Rosser denies each and every allegation contained in Paragraph 22 of Plaintiffs' Complaint.

23. Defendant Rosser denies each and every allegation contained in Paragraph 23 of Plaintiffs' Complaint.

24. Defendant Officers deny each and every allegation contained in Paragraph 24 of Plaintiffs' Complaint.

25. Defendant Officers deny each and every allegation contained in Paragraph 25 of Plaintiffs' Complaint.

26. Defendant Rosser admits the allegations contained in Paragraph 26 of Plaintiffs' Complaint. Further answering, Defendant Rosser states that the criminal complaint speaks for itself, and to the extent the allegations in Paragraph 26 vary therefrom, Defendant Rosser denies those allegations.

27. Defendant Officers admit the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28. Defendant Rosser denies each and every allegation contained in Paragraph 28 of Plaintiffs' Complaint.

29. Defendant Officers deny each and every allegation contained in Paragraph 29 of Plaintiffs' Complaint.

30. Defendant Officers admit the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31. Defendant Officers deny each and every allegation contained in Paragraph 31 of Plaintiffs' Complaint.

32. Defendant Rosser denies each and every allegation contained in Paragraph 32 of Plaintiffs' Complaint.

33. Defendant Rosser denies each and every allegation contained in Paragraph 33 of Plaintiffs' Complaint.

34. Defendant Rosser denies each and every allegation contained in Paragraph 34 of Plaintiffs' Complaint.

35. Defendant Officers deny each and every allegation contained in Paragraph 35 of Plaintiffs' Complaint.

36. Defendant Officers deny each and every allegation contained in Paragraph 36 of Plaintiffs' Complaint.

37. Defendant Officers deny each and every allegation contained in Paragraph 37 of Plaintiffs' Complaint.

38. Defendant Officers deny each and every allegation contained in Paragraph 38 of Plaintiffs' Complaint.

39. Defendant Officers deny each and every allegation contained in Paragraph 39 of Plaintiffs' Complaint.

40. Defendant Officers deny each and every allegation contained in Paragraph 40 of Plaintiffs' Complaint.

41. In answering Paragraph 41 of Plaintiffs' Complaint, Defendant Officers admit they were aware of their duties as sworn law enforcement officers. Further answering, Defendant Officers deny any implication that they intimidated, harassed, coerced, or interfered with the operation of Plaintiffs' business. Defendant Officers deny any and all remaining allegations contained in Paragraph 41.

42. Defendant Officers deny each and every allegation contained in Paragraph 42 of Plaintiffs' Complaint.

43. Defendant Officers deny each and every allegation contained in Paragraph 43 of Plaintiffs' Complaint.

44. Paragraph 44 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent that any allegations are made against Defendant Officers in Paragraph 44, Defendant Officers deny the same.

45. Defendant Officers admit the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

### IV. Claims for Relief

46. Defendant Officers deny each and every allegation contained in Paragraphs 1 through 45 of Plaintiffs' Complaint that have not been specifically admitted to be true.

47. Defendant Officers deny each and every allegation contained in Paragraphs 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, and 75 of Plaintiffs' Complaint.

### V. Affirmative Defenses

#### FIRST DEFENSE

48. Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted against Defendant Officers.

#### SECOND DEFENSE

49. Defendant Officers acted, at all times and in all material respects, in good faith, without malice or ill will for Plaintiffs, and upon a reasonable belief that their actions were in compliance with all applicable federal, state, and municipal laws and regulations, including all

administrative regulations, orders, and practices of the Ohio Department of Public Safety, the Columbus Division of Police, and the Vice Unit.

### THIRD DEFENSE

50. Defendant Officers acted, at all times and in all material respects, in good faith, without malice or ill will for Plaintiffs, and upon a reasonable belief that Plaintiffs' employees had violated R.C. §2907.40(C)(2), a law which had not been repealed, had not been declared unconstitutional, and had been consistently enforced prior to September 15, 2017.

### FOURTH DEFENSE

51. Defendant Officers acted, at all times and in all material respects, in good faith, without malice or ill will for Plaintiffs, and upon a reasonable belief that Plaintiffs had violated R.C. §2907.40(B), a law which had not been repealed, had not been declared unconstitutional, and had been consistently enforced prior to October 27, 2017.

### FIFTH DEFENSE

52. Defendant Officers' actions towards Plaintiffs were based on probable cause and were neither retaliatory nor motivated by personal reasons.

### SIXTH DEFENSE

53. Defendant Officers are entitled to qualified immunity.

### SEVENTH DEFENSE

54. Plaintiffs' Complaint is barred in whole or in part by R.C. Chapter 2744 *et seq.* and/or common law political subdivision immunity.

### EIGHTH DEFENSE

55. Plaintiffs have failed to mitigate their alleged injuries, losses, and damages, the existence of which Defendant Officers deny.

## NINTH DEFENSE

56. Defendant Officers reserve the right to assert additional defenses as may become necessary through the course of discovery.

Respectfully submitted,

*/s/ Larry H. James*
Larry H. James – Trial Attorney (0021773)
Christopher R. Green (0096845)
Natalie P. Bryans (0097697)
CRABBE, BROWN & JAMES, LLP
500 South Front Street, Suite 1200
Columbus, Ohio 43215
(614) 229-4567; FAX: (614) 229-4559
Email: ljames@cbjlawyers.com
Email: cgreen@cbjlawyers.com
Email: nbryans@cbjlawyers.com
*Attorneys for Defendants Steven G. Rosser and Whitney R. Lancaster*

## JURY DEMAND

Defendant Officers request a trial by a jury pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Larry H. James*
Larry H. James (0021773)

8

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2020, I filed the foregoing Answer with the Clerk of Courts for the United States District Court for the Southern District of Ohio, Eastern Division, and a copy of the foregoing was duly served via the Court's electronic filing system, upon the following:

David A. Goldstein, Esq.
David A. Goldstein Co., L.P.A
511 South High Street, Suite 200
Columbus, Ohio 43215
Phone: (614) 222-1889
Email: dgoldstein@dgoldsteinlaw.com
*Attorney for Plaintiffs*

Rex H. Elliott, Esq.
Cooper & Elliott, LLC
2175 Riverside Drive
Columbus, Ohio 43221
Phone: (614) 481-6000
Email: rexe@cooperelliott.com
*Co-Counsel for Plaintiffs*

Gina M. Piacentino, Esq.
88 East Broad Street, Suite 1560
Columbus, Ohio 43215
Phone: (614) 221-0800
Email: gpiacentino@wp-lawgroup.com
*Co-Counsel for Plaintiffs*

/s/ *Larry H. James*
LARRY H. JAMES (0021773)
*Attorney for Defendants Steven G. Rosser and Whitney R. Lancaster*