**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ICON ENTERTAINMENT GROUP, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN G. ROSSER, et al., <br><br> Defendants. | Case No. 2:20-cv-101 <br><br> Judge Sarah D. Morrison <br><br> Chief Magistrate Judge Elizabeth Preston Deavers |

## ANSWER OF THE CITY OF COLUMBUS

For its answer to the Complaint filed by Icon Entertainment Group (aka Kahoots) and 4522 Kenny Road, LLC (collectively "Plaintiffs") on January 7, 2020, Defendant City of Columbus ("the City"), admits, denies, and states the following:

1. The City admits that this Court has jurisdiction. The City denies any remaining allegations contained in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City denies any allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations contained in Paragraph 3 of the Complaint.

4. The City admits that: (a) venue is proper in this forum; (b) Rosser and Lancaster were employed as Columbus Division of Police ("CPD") Vice Unit Detectives; and (c) Kahoots

was located in Franklin County, Ohio. The City denies any remaining allegations contained in Paragraph 4 of the Complaint.

5. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Complaint.

6. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 of the Complaint.

7. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains legal conclusions to which no response is required. Answering further, the City admits: (a) that during the time period at issue, Lancaster and Rosser were Detectives in the Vice Unit of CPD; and (b) CPD is a law enforcement agency that is located in Franklin County, Ohio as well as other counties. The City denies any remaining allegations contained in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint contains legal conclusions to which no response is required. Answering further, the City admits: (a) that it is a political subdivision located in Franklin County Ohio and a municipal corporation duly organized, existing, and operating under the Constitution and statutes of the State of Ohio and the Charter of Columbus, Ohio; and (b) the City operated, supervised, and administered CPD; (c) the Vice Unit was part of CPD; and (d) the City employed Officers Rosser and Lancaster as detectives in the Vice Unit. The City denies any remaining allegations contained in Paragraph 9 of the Complaint.

10. The City admits that Vice Unit officers should be aware of all of the elements for the set of laws that they are enforcing. The City denies any remaining allegations contained in Paragraph 10 of the Complaint.

11. In response to the allegations contained in Paragraph 11 of the Complaint, the City admits that CPD officers have access to the elements of City and State criminal offenses, including the elements associated with O.R.C. 2907.40(C)(2).

12. Paragraph 12 of the Complaint contains legal conclusions to which no response is required. Answering further, the language of O.R.C. 2907.40(C)(2) speaks for itself.

13. Paragraph 13 of the Complaint contains legal conclusions to which no response is required. Answering further, the language of O.R.C. 2907.40(A)(8) speaks for itself.

14. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Complaint.

15. In response to the allegations contained in Paragraph 15 of the Complaint, the City states that members of the Columbus City Attorney's Office had advised members of the CPD Vice Unit that police employees did not qualify as "patrons" for purposes of enforcing O.R.C. 2907.40(C)(2). The City lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 15 of the Complaint.

16. In response to the allegations contained in Paragraph 16 of the Complaint, the City states that members of the Columbus City Attorney's Office had advised members of the CPD Vice Unit that police employees did not qualify as "patrons" for purposes of enforcing O.R.C. 2907.40(C)(2). The City lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 16 of the Complaint.

17. In response to the allegations contained in Paragraph 17 of the Complaint, the City admits that Rosser and Lancaster spent hours at Kahoots. The City lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 17 of the Complaint.

18. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of the Complaint.

19. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 of the Complaint.

20. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20 of the Complaint.

21. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of the Complaint.

22. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of the Complaint.

23. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 of the Complaint.

24. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of the Complaint.

25. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of the Complaint.

26. The City admits the allegations contained in Paragraph 26 of the Complaint.

27. The City admits the allegations contained in Paragraph 27 of the Complaint.

28. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28 of the Complaint.

29. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 of the Complaint regarding Rosser's motives. The City denies any remaining allegations contained in Paragraph 29 of the Complaint.

30. The City admits the allegations contained in Paragraph 30 of the Complaint.

31. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 of the Complaint.

32. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32 of the Complaint.

33. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 33 of the Complaint.

34. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 34 of the Complaint.

35. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35 of the Complaint.

36. The City denies the allegations contained in Paragraph 36 of the Complaint.

37. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 37 of the Complaint.

38. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 38 of the Complaint.

39. The City denies that it had an interest in Mr. Sokol working at Kahoots. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 39 of the Complaint.

40. In response to the allegations contained in Paragraph 16 of the Complaint, the City states that members of the Columbus City Attorney's Office had advised members of the CPD Vice Unit that police employees did not qualify as "patrons" for purposes of enforcing O.R.C.

2907.40(C)(2). The City lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 40 of the Complaint.

41. In response to the allegations contained in Paragraph 41 of the Complaint, the City states that it requires its officers to obey the Constitutions of the United States and the State of Ohio and all federal, state, and local laws. The City denies any remaining allegations that may be contained in Paragraph 41 of the Complaint.

42. In response to the allegations contained in Paragraph 42 of the Complaint, the City denies that it did anything with a malicious purpose, in bad faith, or in a wanton or reckless manner. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 42 of the Complaint.

43. The City denies the allegations contained in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City denies any allegations contained in Paragraph 44 of the Complaint.

45. Paragraph 45 of The Complaint contains legal conclusions to which no response is required. To the extent a response is required the City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 45 of The Complaint.

46. In response to Paragraph 46 of the Complaint, the City incorporates the foregoing statements, admissions, and denials made above as if those statements, admissions, and denials had been fully rewritten and re-alleged here.

47. The City denies the allegations contained in Paragraph 47 of The Complaint.

48. In response to Paragraph 48 of the Complaint, the City incorporates the foregoing statements, admissions, and denials made above as if those statements, admissions, and denials had been fully rewritten and re-alleged here.

49. The City denies the allegations contained in Paragraph 49 of the Complaint.

50. In response to Paragraph 50 of the Complaint, the City incorporates the foregoing statements, admissions, and denials made above as if those statements, admissions, and denials had been fully rewritten and re-alleged here.

51. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 51 of the Complaint.

52. In response to Paragraph 52 of the Complaint, the City incorporates the foregoing statements, admissions, and denials made above as if those statements, admissions, and denials had been fully rewritten and re-alleged here.

53. The City denies the allegations contained in Paragraph 53 of the Complaint.

54. The City denies the allegations contained in Paragraph 54 of the Complaint.

55. The City denies the allegations contained in Paragraph 55 of the Complaint.

56. The City denies the allegations contained in Paragraph 56 of the Complaint.

57. In response to Paragraph 57 of the Complaint, the City incorporates the foregoing statements, admissions, and denials made above as if those statements, admissions, and denials had been fully rewritten and re-alleged here.

58. The City denies the allegations contained in Paragraph 58 of the Complaint.

59. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 59 of The Complaint.

60. The City denies the allegations contained in Paragraph 60 of the Complaint.

61. The City denies the allegations contained in Paragraph 61 of the Complaint.

62. The City denies the allegations contained in Paragraph 62 of the Complaint.

63. In response to Paragraph 63 of the Complaint, the City incorporates the foregoing statements, admissions, and denials made above as if those statements, admissions, and denials had been fully rewritten and re-alleged here.

64. The City denies the allegations contained in Paragraph 64 of the Complaint.

65. The City denies the allegations contained in Paragraph 65 of the Complaint.

66. The City denies the allegations contained in Paragraph 66 of the Complaint.

67. The City denies the allegations contained in Paragraph 67 of the Complaint.

68. The City denies the allegations contained in Paragraph 68 of the Complaint.

69. The City denies the allegations contained in Paragraph 69 of the Complaint.

70. In response to Paragraph 70 of the Complaint, the City incorporates the foregoing statements, admissions, and denials made above as if those statements, admissions, and denials had been fully rewritten and re-alleged here.

71. Paragraph 71 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City denies any allegations contained in Paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City denies any allegations contained in Paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City denies any allegations contained in Paragraph 73 of the Complaint.

74. The City denies the allegations contained in Paragraph 74 of the Complaint.

75. The City denies the allegations contained in Paragraph 75 of the Complaint.

76. The City denies any remaining allegations made in the Complaint.

## AFFIRMATIVE DEFENSES

77. The City is entitled to all applicable immunities, defenses, set-offs, and limitations set forth in Ohio's Political Subdivision Tort Liability Act, O.R.C §§ 2744.01–2744.11.

78. Plaintiffs' claims are barred (either in whole or in part) by a failure to mitigate or to reasonably minimize their own purported damages.

79. Plaintiffs' claims are barred (in whole or in part) by the applicable statute of limitations.

80. Plaintiffs' claims are barred (in whole or in part) by the doctrines of estoppel, waiver, or laches.

81. Plaintiffs fail to state claims upon which relief can be granted.

82. The City reserves the right to assert such additional defenses that may become apparent as this civil action proceeds through discovery.

## PRAYER FOR RELIEF

Having fully answered the Complaint, the City respectfully requests: (a) an order from this Court dismissing Plaintiffs' claims with prejudice; (b) an order from this Court assessing costs (including reasonable attorneys' fees incurred in defending the claims asserted herein) to the City; (c) and order from this Court awarding the City any and all such other relief the Court deems just, necessary, or appropriate; and (d) a final judgment entry in the City's favor.

Respectfully submitted,

/s/ Westley M. Phillips
Andria C. Noble (0086365) - Lead
Westley M. Phillips (0077728)
CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY
77 North Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
acnoble@columbus.gov
wmphillips@columbus.gov

Attorneys for the City of Columbus

## CERTIFICATE OF SERVICE

I hereby certify that, on **February 28, 2020**, I electronically filed the foregoing with the Clerk of this Court by using the Court's CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF System.

/s/ Westley M. Phillips
Westley M. Phillips (0077728)