UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Icon Entertainment Group aka Kahoots and 4522 Kenny Road, LLC, : <br><br> Plaintiffs, <br><br> v. <br><br> Steven G. Rosser, *et al.*, : <br><br> Defendants. | Case No. 2:20-cv-101 <br> Judge Sarah D. Morrison <br> Magistrate Judge Kimberly A. Jolson |

**OPINION & ORDER**

In this 42 U.S.C. § 1983 case, Plaintiffs Icon Entertainment Group aka Kahoots and 4522 Kenny Road, LLC, assert that Defendant Steven Rosser violated their Fourteenth Amendment liberty and property rights and in so doing committed an abuse of process. (ECF No. 1.) Mr. Rosser moves for full summary judgment (No. 69); Plaintiffs oppose (No. 81); and Mr. Rosser replies (No. 86.) Pursuant to the analysis that follows, Mr. Rosser's motion is **GRANTED**. (No. 69.)

**I.  BACKGROUND**

Icon did business as Kahoots, an adult entertainment establishment, at 4522 Kenny Road in Columbus. (ECF No. 81-1, ¶ 2.) Plaintiff 4522 Kenny Road, LLC owned that property, and Kahoots was the sole tenant.

Mr. Rosser was employed by the Columbus Police Department as a Vice Unit detective and was acting under color of law. Citizen complaints prompted the Vice Unit to begin investigating Kahoots for human trafficking, drug trafficking, drug

1

abuse, and prostitution in August 2017. (ECF No. 57, PageID 256; ECF No. 64, PageID 650, 657.) Mr. Rosser was the lead Detective for the investigation. (ECF No. 64, PageID 651-52.) Between September 2017 and the end of October 2017, Mr. Rosser, acting undercover, solicited, received, and paid for six lap dances from Icon's entertainers. (ECF No. 81-2, PageIDs 1060-1070.)

Mr. Rosser met Icon's General Manager, Mr. Joe Vaillancourt, during an October 2017 inspection of the facility. (ECF No. 57, PageID 265.) Mr. Vaillancourt told Mr. Rosser that Icon had recently fired Mr. Jeremy Sokol for drug activity and misuse of credit cards. (ECF No. 57, PageID 265; ECF No. 81-2, PageID 1059.)

Mr. Joseph Sullo was one of the owners of Kahoots and 4522 Kenny Road. (ECF No. 81-1, ¶ 2.) Mr. Sullo averred that Mr. Rosser told him near the end of October 2017 that Mr. Vaillancourt was involved in drugs and prostitution. (*Id.*, ¶ 7.) According to Mr. Sullo, Mr. Rosser told him to fire Mr. Vaillancourt and re-hire Mr. Sokol or Mr. Rosser would "close the club down and file several charges." (*Id.*) Mr. Rosser denies saying that to Mr. Sullo. (ECF No. 57, PageID 266.)

Mr. Sullo did not fire Mr. Vaillancourt. (ECF No. 81-1, ¶ 9.) In November 2017, Mr. Rosser filed thirteen criminal charges against several entertainers, Mr. Vaillancourt, and Icon. (*Id.*, ¶ 10.) Eleven of those charges were under Ohio Rev. Code § 2907.40, the "no-touch law," against the six entertainers Mr. Rosser had received lap dances from at Kahoots. (ECF No. 81-2, PageID 1066-1070.) One month later, Mr. Sullo fired Mr. Vaillancourt and re-hired Mr. Sokol to prevent Mr. Rosser from filing additional charges and closing Kahoots down. (ECF No. 81-1, ¶ 13.)

2

Mr. Rosser made additional requests of Kahoots' owners in 2018. He required them to: (1) perform criminal background checks on all employees and entertainers; (2) decline to hire those with criminal histories; (3) provide names, addresses, drivers' license numbers of all employees to him; and (4) drug test employees and entertainers. (*Id.*, ¶ 14.) Finding these requirements too onerous, Kahoots closed. (*Id.*, ¶ 20.)

Plaintiffs' § 1983 Complaint followed in January 2020. The only claims remaining for disposition are against Mr. Rosser and John Doe Defendants #1-2 for violating Plaintiffs' Fourteenth Amendment liberty and property rights and for state law abuse of process. (ECF No. 1, ¶ ¶ 8, 50-51, 57-62, 70-75; ECF No. 81, PageID 1036, n.6.) Mr. Rosser argues judgment in his favor is proper due to qualified immunity (ECF No. 69).

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing there are no genuine issues of material fact, which may be achieved by demonstrating the nonmoving party lacks evidence to support an essential element of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56). When evaluating a motion for summary judgment, the evidence must be viewed

in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

A genuine issue exists if the nonmoving party can present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993). In other words, "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (concluding that summary judgment is appropriate when the evidence could not lead the trier of fact to find for the non-moving party).

## III. DISCUSSION

### A. Federal Claims

#### 1. Clarification of Claims

At the outset, the parties dispute what, exactly, Plaintiffs allege. Mr. Rosser reads the Complaint narrowly, resulting in his proposition that only § 1983 claims under the Fourteenth Amendment to be free from threats, coercion, retaliation, and intimidation and to be free from business interference are alleged. (ECF No. 69, PageID 861.) Plaintiffs respond that the Complaint actually asserts claims for deprivation of liberty and property interests under the Fourteenth Amendment. (ECF No. 81, PageID 1042-43.)

The Complaint is inartfully drafted so Mr. Rosser's confusion is understandable. Yet, upon close examination, the Complaint contains a "short and

4

plain statement of the claim[s] showing that [Plaintiffs are] entitled to relief" pursuant to Fed. R. Civ. P. 8(a)(2) and "give[s] the defendant fair notice of what the claim[s] [are] and the grounds upon which [they] rest[ ]." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The Complaint alleges Mr. Rosser deprived Plaintiffs of their Fourteenth Amendment liberty interest to conduct their business free from threats, coercion, retaliation, intimidation and interference and of their Fourteenth Amendment property interest to maintain their business without interference. Specifically, Plaintiffs allege that:

- Mr. Rosser filed the charges after Plaintiffs refused to re-hire Mr. Sokol (ECF No. 1, ¶ 24);
- Mr. Rosser knew the no-touch statute did not support the charges (*Id.*, ¶ 40);
- Mr. Rosser knew he could not intimidate, harass, coerce or interfere with Plaintiffs' business (*Id.*, ¶ 41);
- The charges caused Plaintiffs "to suffer damages, including loss of its business, . . . liberty. . . " (*Id.*, ¶ 43);
- Their rights to be free from threats, intimidation and harassment were clearly established under the Fourteenth Amendment at the time of the charges (*Id.*, ¶ 44);
- Mr. Rosser violated Plaintiffs' Fourteenth Amendment right to be free from retaliation by bringing the no-touch charges while knowing the statute was inapplicable (*Id.*, ¶ ¶ 44, 57-62); and
- Mr. Rosser's charges unlawfully interfered with Plaintiffs' Fourteenth Amendment rights to be free from threats, coercion, retaliation, intimidation, and business interference (*Id.*, ¶ ¶ 44, 70-75).

Thus, the Complaint alleges that Mr. Rosser's retaliatory charges and business interference caused Plaintiffs to be deprived of their liberty interest in operating their business and their related property interest in the business itself.

5

### 2. Qualified Immunity

Mr. Rosser argues judgment in his favor is proper on Plaintiffs' claims because he had probable cause to issue the charges (i.e. he did not violate Plaintiffs' constitutional rights) and that he is entitled to qualified immunity. (ECF Nos. 69, 86.)

"When the defendant raises qualified immunity, the plaintiff bears the burden of proving that the defendant is not entitled to summary judgment." *Davenport v. Causey*, 521 F. 3d 544, 550 (6th Cir. 2008). Qualified immunity is intended to "give[ ] government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011). Accordingly, "it protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

An official is entitled to the defense of qualified immunity if they have not violated a "'clearly established statutory or constitutional right[ ] of which a reasonable person would have known.'" *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)). The analysis therefore involves two steps: (1) determine whether, in the light most favorable to plaintiffs, "the facts . . . shown . . . make out a violation of a constitutional right," and (2) determine whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Evans-Marshall v. Bd. of Educ.*, 428 F.3d 223, 232 (6th Cir. 2005). The examination can take place in either order. If one prong fails, the other is not considered. *Kenjoh Outdoor, LLC v.*

6

*Marchbanks*, ECF No. 20-4026, 2022 U.S. App. LEXIS 751, at *12 (6th Cir. Jan. 11, 2022). Here, the Court's "clearly established" analysis proves dispositive.

For a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate[,]" although there need not be a case "directly on point." *Ashcroft*, 563 U.S. at 741. The right must be dictated by "'controlling authority in the[ ] jurisdiction at the time of the incident' or [by] 'a consensus of cases of persuasive authority such that a reasonable [official] could not have believed that his actions were lawful.'" *Id*. at 746 (quoting *Wilson v. Layne*, 526 U.S. 603, 617 (1999)). *See also Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018). "The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Wesby*, 138 S. Ct. at 589. Moreover, the "right" at issue must be "so well defined that it is 'clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Id*. at 590 (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)). "This requires a high 'degree of specificity.'" *Id*. (quoting *Mullenix*, 136 S. Ct. at 309). That is, there must exist a precedent where "an officer acting under similar circumstances . . . was held to have violated" the constitutional provision at issue. *White*, 137 S. Ct. at 552.

Plaintiffs rely upon *Mendoza v. Immigration & Naturalization Serv.*, 559 F. Supp. 842 (W.D. Tex. 1982), to show their alleged Fourteenth Amendment liberty interests were clearly established at the time of the charges. In that case, the INS conducted warrantless searches for illegal aliens in bars on the Texas border and

7

arrested some of the bars' patrons. The arrested patrons and bar owners sued, alleging Fourth Amendment violations. The owners also alleged violations "of their Fourteenth Amendment liberty interest to conduct business without oppressive or unreasonable governmental interference by raiding their bars without warrant or consent." *Mendoza*, 559 F. Supp. at 849. The owners' testimony revealed "that their business was disrupted, their patrons were upset and angry, and [a bar owner] consequently lost business" as a result of the searches. *Id*. Relevantly, the Texas court held that because the INS had violated the Fourth Amendment rights of the patrons, the bar owners had shown direct harm separate from those violations in the form of unreasonable interference with their businesses. *Id*. *Mendoza* is a single, nearly forty-year-old case from another circuit that does not address Ohio's no-touch statute. Thus, Plaintiffs have failed to show that their claimed liberty interests were clearly established when the charges were brought by Mr. Rosser in this case.

Plaintiffs' property cases fare no better. *Easter House v. Felder*, 910 F.2d 1387 (7th Cir. 1990), addressed an adoption agency's § 1983 claim that the state's department of child and family services engaged in a conspiracy to harass the agency by repeatedly investigating it during the license renewal process. *Easter House*, 910 F.2d at 1407. Utilizing a due process analysis, the Seventh Circuit Court of Appeals agreed with the state that the agency failed to: (1) identify any support for its argument that a right to be free from unfounded harassment exists, and (2) show whether that "purported 'right' implicates a property or liberty interest." *Id*.

The appeals court began its analysis by recognizing that, ordinarily, a claim for malicious prosecution is not a basis for relief under § 1983. *Id.* While that court did observe that "an unwarranted investigation by licensing officials conducted in a manner calculated to discourage customers or interfere with a licensee's business *may* violate a property right," the allegations of impropriety in that case did "not rise to the level of a property deprivation of constitutional magnitude." *Id.* (citations omitted) (emphasis added). That holding, issued more than thirty years ago by an out-of-circuit court that addresses claims and issues not presented here does not support that Plaintiffs' claimed property interests were clearly established when Mr. Rosser initiated the charges in this case.

Plaintiffs' next property case is *McGee v. Hester*, 724 F.2d 89 (8th Cir. 1983). Therein, plaintiff liquor store owner alleged the state liquor commission unlawfully interfered with his business through the state's improper surveillance of his store. *McGee*, 724 F.2d at 90. Finding that the trial court improperly focused on the purpose of the surveillance when granting the state's summary judgment motion on qualified immunity grounds, the Eighth Circuit Court of Appeals reversed, holding that "[a]t some point, the methods of surveillance become so intrusive as to violate the clearly established property right of [owner] of which a reasonable person would have known." *Id.* at 91-92. Although the appeals court never specified what that right was, the decision focused on the owner's license to sell alcohol. Plaintiffs here do not raise a license claim, thereby rendering *McGee* unsupportive of their

9

contention that their claimed property interests were clearly established when Mr. Rosser initiated the charges.

Plaintiffs' final case law, *Reed v. Shorewood*, 704 F.2d 943, 949 (7th Cir. 1983) and *P.A.B., Inc. v. Stack*, 440 F. Supp. 937, 940 (S.D. Fla. 1977) are more out-of-circuit, decades-old decisions pertaining to property interests that are inapplicable to the present facts.

Plaintiffs have failed to prove that their claimed Fourteenth Amendment liberty and property interests were clearly established at the time of the charges. Mr. Rosser is therefore entitled to qualified immunity, and his motion for judgment on Plaintiffs' § 1983 liberty and property interest claims under the Fourteenth Amendment is **GRANTED**. (ECF No. 69.)

### B. State Claim

Plaintiffs also assert an abuse of process claim under Ohio law against Mr. Rosser. (ECF No. 1, ¶ ¶ 50-51.) The Sixth Circuit "applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed." *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 584 (6th Cir. 2011). Plaintiff's abuse of process claim is **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

### C. John Doe Claims

Lastly, only Plaintiffs § 1983 claims against John Doe Defendants #1-2 remain for disposition. (ECF No. 1, ¶ ¶ 8, 57-62, 70-75.) Since filing this action more than two years ago, Plaintiffs have not amended their Complaint to identify those

10

defendants. Plaintiffs have also failed to serve the John Doe Defendants #1-2. Fed. R. Civ. P. 4(m).

Upon review of the docket, it appears Plaintiffs have abandoned their claims against John Doe Defendants #1-2. The Court therefore holds that all claims against John Doe Defendants #1-2 are properly **DISMISSED WITH PREJUDICE** under Fed. R. Civ. P. 41(b) for Plaintiffs' failure to prosecute. *Hormann v. City of Zanesville*, No. 2:19-CV-1329, 2020 WL 5701912, at *4 (S.D. Ohio Sept. 24, 2020).

## IV. CONCLUSION

Mr. Rosser's summary judgment motion on Plaintiffs' § 1983 liberty and property interest claims under the Fourteenth Amendment is **GRANTED**. (ECF No. 69.)

Plaintiffs' abuse of process claim is **DISMISSED WITHOUT PREJUDICE** subject to re-filing in state court.

Plaintiffs' claims against John Doe Defendants #1-2 are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

                                           s/Sarah D. Morrison
                                           **SARAH D. MORRISON**
                                           **UNITED STATES DISTRICT JUDGE**